**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**ALEXANDRIA DIVISION**

| | |
|---|---|
| **YANDRO MATOS-LONDRES** | **DOCKET NO. 1:26-CV-03034** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **WARDEN WINN CORRECTIONAL CENTER** | **MAGISTRATE JUDGE LEBLANC** |

## REPORT AND RECOMMENDATION

Before the Court is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 by pro se petitioner Yandro Matos-Londres on August 12, 2026. Doc. 1. This matter has been referred to the undersigned for review, report, and recommendation in accordance with 28 U.S.C. § 636 and the standing orders of this Court.

At the time of filing, Matos-Londres was detained at the Winn Correctional Center in Winnfield, Louisiana. Respondents have informed the Court that Petitioner was removed on August 21, 2026, from the United States to Cuba via charter flight #26-006412. *See* doc. 13. The charter flight departed from Alexandria International Airport in Alexandria, Louisiana, with a final destination of José Marti International Airport in Havana, Cuba. *See* doc. 13-1, ¶ 5 (Declaration of Acting Assistant Field Office Director, Justin Williams, dated 9/8/26).

Accordingly,

**IT IS RECOMMENDED** that this petition for habeas corpus should be **DENIED AND DISMISSED WITHOUT PREJUDICE** because petitioner's claims are **MOOT**.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See, Douglass v. United Services Automobile Association, 79 F.3d 1415 (5th Cir. 1996).

THUS DONE AND SIGNED in chambers this 2nd day of October, 2026.

THOMAS P. LEBLANC
UNITED STATES MAGISTRATE JUDGE